IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00111-JLK-MJW

MICHAEL G. HILBERT,

    Plaintiff,

v.

PRADA S.p.A., a foreign company, and
PRADA USA, Corp., a foreign company,

    Defendants.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

This matter is before me on the Notice of Removal (Doc. 1) filed January 16, 2008 by Defendant PRADA S.p.A. Defendant asserts the matter in dispute exceeds the sum or value of $75,000 and is between citizens of different states such that Defendant is entitled to removal under 28 U.S.C. § 1441(a). For the reasons stated below, I find the Notice inadequate to establish removal jurisdiction and therefore remand this action to state court.

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies

between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see Martin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Martin*, 251 F.3d at 1290. When, as here, the plaintiff's complaint does not specify the amount of damages claimed, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* A defendant's assertion, with nothing more, that the matter in controversy exceeds $75,000 is insufficient to establish removal jurisdiction. *See Huffman*, 183 F.3d at 1185 (plaintiff's deposition ultimately established amount in controversy exceeded jurisdictional minimum, but case remanded because defendant failed to remove case within thirty days of discovering that fact). Nor may a defendant rely on a Civil Cover Sheet filed by the plaintiff in the state court to establish that the amount in controversy exceeds the jurisdictional minimum. *Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 (D. Colo. Oct. 4, 2007).

In the instant case, Defendant does not cite any basis for its assertion that the amount in controversy exceeds the jurisdictional minimum of $75,000. To the extent

2

Defendant relies on the Civil Cover Sheet filed by Plaintiff in the state court to establish that the amount in controversy exceeds $75,000, this reliance is improper. *See Baker*, 2007 WL 2908434. While this jurisdictional prerequisite may, in fact, be satisfied in this case, removal is improvident unless and until this fact is established by a preponderance of the evidence in accordance with the rules stated above. *Id.* Because Defendant PRADA S.p.A. has failed to carry this burden,

IT IS ORDERED that this case be REMANDED to the Boulder County District Court.

Dated this 22nd day of January, 2008.

s/John L. Kane
John L. Kane, Senior Judge
United States District Court